1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11   DEARCEY JAMES STEWART, | Civil No. 05cv1059-BTM (CAB) |
| 12                                     Petitioner, | **ORDER:** |
| 13 | **(1) GRANTING MOTION TO EXPAND THE RECORD;** |
| 14   vs. | **(2) DENYING MOTION FOR LEAVE TO AMEND:** |
| 15 | |
| 16 | **(3) GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY; AND** |
| 17   MATTHEW CATE, Secretary of the California Department of Corrections and | |
| 18   Rehabilitation, | **(3) DIRECTING RESPONDENT TO SUBMIT DOCUMENTS FOR IN CAMERA REVIEW** |
| 19                                     Respondent. | |

20          Petitioner is a California prisoner proceeding pro se with a First Amended Petition for a

21   Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his San Diego County

22   Superior Court conviction of two counts of attempted murder.  (Doc. No. 55.)  The conviction

23   arose from a drive-by shooting where Petitioner was identified as the driver and his co-defendant

24   Richard Lee as the shooter, although Lee's conviction was overturned on state habeas four years

25   after the trial.  Petitioner alleges in the First Amended Petition that the prosecution committed

26   misconduct and failed to disclose exculpatory evidence in violation of Brady v. Maryland, 373

27   U.S. 83, 87 (1963) and Giglio v. United States, 405 U.S. 150, 154 (1972), by failing to turn over

28   exculpatory information which resulted in the overturning of Lee's conviction. Specifically,

Petitioner contends the prosecution failed to turn over information regarding: (a) Darnell Jackson, a member of Petitioner's gang who apparently came forward after trial and provided information that Petitioner was the driver but Lee was not the shooter; and (b) a witness named William Allen, whom Petitioner contends made a statement impeaching prosecution witness Kevin Brown who testified that Petitioner had confessed.  Petitioner also alleges that the Court can reach the merits of his claims irrespective of any procedural bar because he has satisfied the "actual innocence" standard set forth in Schlup v. Delo, 513 U.S. 298, 315 (1995) (holding that a claim of actual innocence is "a gateway though which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.")

On May 30, 2008, the Court found that this action was untimely because it was filed after expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  (Doc. No. 54.)  In that Order, the Court reserved ruling on whether dismissal of the First Amended Petition was appropriate, and directed further briefing on Petitioner's pending Motion for Discovery in order to determine whether Petitioner could avoid dismissal by satisfying the Schlup standard.  (See 5/30/08 Order at 15-18.)

Respondent has filed an Opposition to Petitioner's discovery motion.  (Doc. No. 60.)  Petitioner has filed a Reply to the Opposition, as well as a Motion for Leave to Amend and a Motion to Expand the Record.  (Doc. Nos. 64-66.)

## I.    Motion to Expand the Record

Petitioner moves to expand the record to include a response to an order to show cause filed by the San Diego County District Attorney in the state habeas proceedings of his co-defendant Richard Lee, wherein the District Attorney did not oppose granting Lee partial habeas relief.  (Pet.'s Mot. to Expand [Doc. No. 65] Ex. A.)  Petitioner contends this document shows that the information he seeks through discovery exists because it was generated when the District Attorney conducted an investigation into the "newly discovered" evidence exonerating Lee, and therefore Respondent's contention that no exculpatory information exists "is less than truthful." (Pet.'s Mot. to Expand Record at 2.)  Such a document is permitted to be made part of the record and considered by the Court under Rule 7 of the Habeas Rules.  See Rule 7(b) of Rules

Following 28 U.S.C. § 2254 (providing that documents predating the filing of the Petition may be included in the record).  Thus, the Court **GRANTS** Petitioner's Motion and **EXPANDS** the record in this case to include this document.

## II.        Motion for Leave to Amend

As Petitioner correctly notes, this Court, in its May 30, 2008 Order, liberally construed the First Amended Petition as arguing that the claims presented therein should be considered on their merits notwithstanding the failure to present them within the statute of limitations because Petitioner can fit through the <u>Schlup</u> gateway.  (<u>See</u> 5/30/08 Order at 20.)  The Court also construed the First Amended Petition as presenting claims alleging that the prosecution committed misconduct and failed to disclose exculpatory evidence in violation of <u>Brady</u> and <u>Giglio</u> due to the failure to turn over exculpatory information regarding Darnell Jackson, the witness who came forward after trial and apparently said that Petitioner was the driver but Lee was not the shooter, and a witness named William Allen, whom Petitioner contends made a statement impeaching prosecution witness Kevin Brown who testified that Petitioner confessed to his involvement in the shooting.  (<u>Id.</u>)  The Court reserved ruling on the <u>Schlup</u> issue pending further briefing on the pending discovery motion.  (<u>Id.</u>)

Petitioner now seeks leave to amend the First Amended Petition in order to clarify that his <u>Schlup</u> claim is based not only on his contention that Jackson was the driver, but on the contention that the two victims, the Parish brothers, committed perjury when they testified that Petitioner was the driver and Lee the shooter, and based on Allen's statement impeaching Brown. (Pet.'s Mot. to Amend at 3.)  Under a liberal construction of the First Amended Petition, these arguments are contained in Petitioner's <u>Schlup</u> argument, and the Court will consider them in ruling on whether Petitioner has fit through the <u>Schlup</u> gateway.

Petitioner also seeks leave to amend in order to raise a separate claim of perjury based on the arguments presented in support of his <u>Schlup</u> contention.  (Pet.'s Mot. to Amend at 2.)  A liberal construction of the First Amended Petition reveals that this claim is encompassed in the prosecutorial misconduct claim alleging presentation of perjured testimony.

/ / /

05cv1059

Finally, Petitioner seeks leave to amend to include a claim alleging that the District Attorney failed to adequately investigate the evidence which resulted in the exoneration of Lee, and thereby failed to develop evidence exonerating Petitioner.  (Pet.'s Mot. to Amend at 2.) Such a claim is necessarily encompassed in the claims in the First Amended Petition alleging that Petitioner's federal due process rights were violated in connection to the failure to provide exculpatory evidence derived from the investigation leading to the vacating of Lee's conviction. The Court will liberally construe the First Amended Petition as presenting such a claim.

Because the claims Petitioner seeks to add are already fairly encompassed in the First Amended Petition, the Court **DENIES** Petitioner's Motion for Leave to Amend as moot.

**III.    Motion for Discovery**

In his Motion for Discovery, Petitioner seeks an order directing Respondent to turn over any exculpatory evidence in its possession, including but not limited to, Jackson's file regarding his cooperation with the prosecution in this and other cases, and a report written by Investigating Officer Wade at the request of the District Attorney summarizing the effect of Jackson's statement on Wade's investigation into the shooting, and accounting for the wrongful conviction of Lee.  (Doc. No. 41.)  Petitioner contends this information will assist him in presenting his Brady/Giglio claims, in challenging the credibility of the victims' eyewitness testimony, and in establishing his factual innocence by demonstrating that Jackson was the driver of the car, that the Parish brothers, who were the victims, provided perjured testimony at trial when they identified Petitioner as the driver and Lee as the shooter, and that Detective Wade, a brother-in-law of the Parish brothers, pressured them to commit perjury.  (Pet.'s Motion for Discovery at 2-8; Traverse [Doc. No. 31] at 14-15.)

Respondent opposes the discovery motion, contending that Petitioner's motion "is based on nothing more than rank speculation," and that there is no justification for allowing Petitioner to conduct discovery.  (Resp.'s Opp. [Doc. No. 60] at 7.)  Respondent contends that the evidence presented at Petitioner's trial implicating Petitioner as the driver was not simply the eyewitness identification by the Parish brothers, but also Petitioner's confession to Kevin Brown, and the fact that the police found Petitioner on the night of the shooting in the driver's seat of the car

1    involved in the shooting.  (Id. at 11-12.)  Thus, Respondent argues, even if there was exculpatory

2    evidence provided by Jackson, Petitioner would still not satisfy the Schlup standard of actual

3    innocence.  (Id.)  Respondent argues that in any case the evidence presented by Jackson to the

4    District Attorney was not exculpatory but actually implicated Petitioner as the driver, that

5    Petitioner's defense counsel was aware of that evidence and conducted his own investigation

6    without turning up any exculpatory evidence, and that there was no Brady obligation because

7    the evidence provided by Jackson was neither material nor exculpatory.  (Id. at 14-17.)

8       Petitioner replies that he is not speculating but is seeking very specific evidence,

9    including the materials identified in the District Attorney's response to the order to show cause

10   in Lee's habeas case, namely, (1) the joint interview conducted by the District Attorney and

11   defense counsel with Darnell Jackson; (2) the interview with the Parish brothers; (3) the

12   interviews with the "numerous other witnesses," one of whom Petitioner contends must have

13   been Detective Wade; (4) the summary of the investigation which was presented to the division

14   chief of the District Attorney's office; and (5) the final determination as to why the District

15   Attorney decided not to oppose Lee's habeas petition.  (Pet.'s Reply [Doc. No. 66] at 1-2.)

16   Petitioner contends that, in addition to seeking discovery under the habeas rules, he has a post-

17   conviction due process right to this information under Brady, as that right has been interpreted

18   by the Ninth Circuit in Thomas v. Goldsmith, 979 F.2d 746, 749-50 (9th Cir. 1992) and Osborne

19   v. District Attorney, 521 F.3d 1118, 1128-29 (9th Cir. 2008), pet. for cert. granted, 129 S.Ct. 488

20   (Nov. 3, 2008).  (Pet.'s Reply at 2.)  Petitioner also contends an evidentiary hearing is required

21   in order to develop the record regarding whether the investigation leading to the grant of habeas

22   relief to Lee was conducted in a manner calculated to not develop evidence exculpatory as to

23   Petitioner.  (Id. at 5-6.)  Attached to Petitioner's Motion to Expand the Record is the District

24   Attorney's response to the order to show cause in Lee's case.  Petitioner argues this document

25   demonstrates that the District Attorney's office, in conducting the investigation which led to the

26   exoneration of Lee, obtained interviews with Jackson, Wade and the Parish brothers, and that

27   Respondent has an obligation to turn this information over to him.  (Pet.'s Mot. to Expand the

28   Record at 2.)

Discovery under Rule 6(a) of the Rules Governing Section 2254 Cases is available only "for good cause."  Hayes v. Woodford, 301 F.3d 1054, 1065 n.6 (9th Cir. 2002).  The Court is unable to determine whether good cause exists until it reviews the materials which were relied upon by the District Attorney in the decision not to oppose Lee's state habeas petition.

In the response order to show cause filed by the District Attorney, there is reference to a 60-day investigation where numerous interviews were conducted, and "a package summarizing the investigation was compiled."  (Pet.'s Mot. to Expand [Doc. No. 65] Ex. A at 3.)  Respondent is **DIRECTED** to submit to the Court in camera the "package summarizing the investigation" referred to in the response to the order to show cause, any transcripts of the interviews conducted during the investigation which led to the decision not to oppose Lee's state habeas petition (or documents reflecting the content of those interviews if transcripts are not available), as well as any materials which cast doubt on the credibility of the eyewitness identifications made by the Parish brothers in this case.  The Court is mindful of the sensitive nature of such material and will not order disclosure to Petitioner without first providing Respondent an opportunity to be heard and to seek any appellate relief which might be available.  The Court will defer the determination whether an evidentiary hearing is necessary until after reviewing the material submitted by Respondent.

Petitioner's Motion for Discovery is **GRANTED** in part to the extent the Court has determined it will review the materials in camera, and **DENIED** in part without prejudice to a later determination whether the material will ordered to be disclosed to Petitioner.

## VI.    Conclusion and Order

Petitioner's Motion to Expand the Record [Doc. No. 65] is **GRANTED**, Petitioner's Motion for Leave to Amend [Doc. No. 64] is **DENIED** as moot, Petitioner's Motion for

/ / /

/ / /

/ / /

/ / /

/ / /

1  Discovery [Doc. No. 41] is **GRANTED** in part and **DENIED** in part, and Respondent is

2  **DIRECTED** to submit the material identified in this Order directly to chambers for in camera

3  review within thirty (30) days of the date this Order is filed.

4      **IT IS SO ORDERED.**

5  DATED:  January 20, 2009

6

7      Honorable Barry Ted Moskowitz
       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05cv1059